UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| CRYSTAL LASSITER | § | CIVIL ACTION NO.: _____ |
| | § | |
| vs. | § | |
| | § | JUDGE: |
| | § | |
| VICKI DENISE KAY and ALLSTATE | § | |
| PROPERTY AND CASUALTY | § | |
| INSURANCE COMPANY | § | MAGISTRATE JUDGE: |

## PLAINTIFF'S ORIGINAL COMPLAINT

The Complaint of plaintiff herein, Crystal Lassiter ("Plaintiff"), a resident of the State of Alabama, alleges and avers as follows:

I.

PARTIES

At all pertinent times hereto including on the date of the accident complained of herein, September 15, 2011, Plaintiff, Crystal Lassiter, was/is an individual residing in Lower Peach Tree, Wilcox County, Alabama.

II.

A.   Defendant Vicki Denise Kay ("Defendant") is an individual residing at 115 South Kay Street, Winona, Texas  75792 in Smith County, Texas, and can be served with process at the following address: 115 South Kay Street, Winona, Texas  75792 in Smith County, Texas.

B.   Allstate Property and Casualty Insurance Company, a foreign insurance company organized pursuant to the laws of the State of Illinois and having its principal

place of business in that state, was at all pertinent times licensed and authorized to do and doing business in the State of Texas. Allstate Property and Casualty Insurance Company has a corporate address of 3075 Sanders Road Suite H1a, Northbrook, Illinois 60062-7127 and may be served through its registered agent in the State of Texas: CT Corporation System, 350 North St. Paul Street, Dallas, Texas.

At all pertinent times hereto and in particular on September 15, 2011, and the provider of a specific policy of automobile liability insurance pursuant to the laws of the State of Alabama, policy number 9 31 973463 02/13, said policy including uninsured/underinsured motorists insurance, in favor of Plaintiff, Crystal Lassiter.

III.
JURISDICTION AND VENUE

This Court has jurisdiction over the lawsuit under 28 U.S.C. § 1332 because the Plaintiff and Defendant are citizens of different states and the amount in controversy exceeds $75,000.00, excluding interest and costs. Venue is proper in this District and Division under 28 U.S.C. § 1391(a)(2) as a substantial part of the events or omissions giving rise to the claim occurred here, and in particular the accident of September 15, 2011, which is the basis for the bringing of this lawsuit.

IV.
FACTS

Plaintiff's claims are based on a vehicular accident occurring on or about

September 15, 2011.  Plaintiff was traveling northbound in the 500 block of South Main Street in Lindale, Smith County, Texas, and was in the inside lane.  Defendant pulled out of a private drive, and was executing a left hand turn onto South Main Street when she crashed into the driver's side of Plaintiff's vehicle.  Plaintiff was observing all traffic laws and was being a careful and prudent driver during all times relevant herein.  Defendant failed to be attentive, failed to yield right of way from the private drive, crossed three traffic lanes, and collided with Plaintiff's vehicle.  The collision was proximately caused by the negligence, negligence per se, and gross negligence of Defendant.  As a result of Defendant's negligence, Plaintiff has suffered severe bodily injuries.

## V.
## CAUSES OF ACTION

### Negligence

Defendant was negligent in one or more of the following particulars:

a.    In failing to keep such a lookout as a person of ordinary prudence would have kept under the same or similar circumstances.

b.    In failing to timely apply the brakes of her vehicle in order to avoid the collision in question.

c.    In driving a vehicle at a rate of speed which was greater than that which an ordinarily prudent person would have driven under the same or similar circumstances.

d.    In failing to obey traffic control devices.

e.    In failing to yield the right-of-way.

f.     In failing to maintain her vehicle under control.

g.     In failing to take proper evasive action.

Each of the foregoing acts or omissions, singularly or in combination with others, constituted negligence, which proximately caused the above-referenced occurrence and Plaintiff's injuries and damages.

## VI.
## PERSONAL INJURIES AND DAMAGES

As a result of Defendant Vicki Denise Kay's actions, Plaintiff has suffered severe bodily, economic, and mental injuries. Consequently, Plaintiff seeks the following damages:

a.     <u>Medical Expenses:</u>  Plaintiff has incurred bodily injuries and medical expenses in connection with said injuries. Plaintiff will also incur future medical expenses.

b.     <u>Lost Wages:</u>  Plaintiff has lost wages. Plaintiff has also suffered a loss of earning capacity.

c.     <u>Physical Pain</u>:  Plaintiff has endured physical pain in the past and will endure pain in the future.

d.     <u>Mental Anguish:</u>  Plaintiff has endured mental anguish in the past and will endure mental anguish in the future.

e.     <u>Impairment</u>:  Plaintiff has endured physical impairment in the past, and will continue to suffer the effects in the future.

    f.    <u>Disfigurement</u>:  Plaintiff has suffered disfigurement in the past and will suffer from disfigurement in the future.

In all reasonable probability, Plaintiff will continue to suffer from these injuries for the rest of her life, and seeks compensation for such future damages.

## VII.

Plaintiff further shows that her damages are in excess of the policy limits of any policy(ies) issued to Vicki Denise Kay, and desires to make a claim against her insurance carrier, Allstate Property and Casualty Insurance Company, under the underinsured motorists provisions of her policy with Allstate Property and Casualty Insurance Company, which was in effect at the time of said accident.

## VIII.
## <u>RELIEF SOUGHT</u>

Plaintiff requests that Defendants, Vicki Denise Kay and Allstate Property and Casualty Insurance Company, be cited to appear and answer, and that this case be tried after which Plaintiff recovers:

    a.    Judgment against Defendants for a sum within the jurisdictional limits of this Court for the damages indicated above;

    b.    Pre-judgment interest at the maximum amount allowed by law;

    c.    Post-judgment interest at the maximum rate allowed by law;

    d.    Costs of suit; and

    e.    Such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

By:   /s/ Patrick R. Jackson
Patrick R. Jackson
A Professional Law Corporation
Texas State Bar Roll No. 24002341
4442 Viking Drive, Suite 100
Bossier City, Louisiana 71111
(318) 752-3335
(318) 752-3315
pjackson@bossierlawoffice.com
ATTORNEYS FOR PLAINTIFF,
CRYSTAL LASSITER